UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

THOMAS GLASS,

    Plaintiff,

    v.

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, *et al.*,

    Defendants.

Civil Action No. 17-0428 (JDB)

---

## MEMORANDUM OPINION

Plaintiff filed a civil complaint in the Superior Court of the District of Columbia on December 9, 2016 and an Amended Complaint, ECF No. 1-1, on December 12, 2016. He named as defendants the U.S. Department of Health & Human Services ("DHHS") and the Florida Department of Revenue and the Office of the State Attorney, Eleventh Judicial Circuit (collectively "State Defendants").[1] DHHS removed the case on March 3, 2017.[2] This matter has come before the Court on the State Defendants' Renewed Motion to Dismiss, ECF No. 5, plaintiff's Motion to Amend Complaint, ECF No. 8, and Defendant U.S. Department of Health

---

[1] "The legal name of the Miami-Dade State Attorney's Office is the Office of the State Attorney, Eleventh Judicial Circuit[.]" State Defs.' Renewed Mot. to Dismiss at 1 n.1.

[2] The Florida Defendants "neither consented to nor joined the removal instituted by [D]HHS." State Defs.' Renewed Mot. to Dismiss at 3 n.3.

1

& Human Services' Motion to Dismiss, ECF No. 12. For the reasons discussed below, the Court denies plaintiff's motion to amend and grants defendants' motions to dismiss.[3]

I. BACKGROUND

In January 2000, child support proceedings against plaintiff commenced in the Circuit Court of the Eleventh Circuit in and for Dade County, Florida ("Florida Court"). *See generally* State Defs.' Renewed Mot. to Dismiss ("State Mot."), Ex. A. On May 1, 2000, the Florida Court ordered plaintiff to pay $202.97 by-weekly. *See generally id.*, Exs. B-D.[4] Although the Florida Court reduced the payment on April 23, 2010, *see generally id.*, Ex. E, it entered an order on June 20, 2015, increasing plaintiff's child support obligation to $ 675.00 monthly, *see id.*, Ex. F.[5]

Plaintiff apparently had a second child. "Around or about April 26, 2016, the plaintiff had learn[ed] of a new child that had been added to [his] case within the State[.]" Am. Compl. ¶ 4. Plaintiff sought review by a state agency of his child support obligation on or about May 5, 2016 because of these changed circumstances. *See id.* ¶ 6. The agency had plaintiff submit "additional pay stubs for extensive review to consider the modified support order." *Id.* ¶ 14; *see id.* ¶ 8. Plaintiff complied, *see id.* ¶¶ 9-11, 15, and the agency appears to have found that plaintiff's child support payment should be reduced to $ 380.40 monthly, *see id.* ¶ 12. It advised:

---

[3] In addition, the Court denies "Plaintiff['s] Motion to Set Aside Order Pending Outcome of Plaintiff's Motion Hearings," ECF No. 19, as moot.

[4] The Florida Court ordered plaintiff to pay $ 187.97 bi-weekly for child support plus $ 15.00 bi-weekly towards the child support he owed, which totaled $2,592.02, retroactive to May 18, 1999. *See* State Mot., Ex. B at 1.

[5] The Florida Court ordered plaintiff to pay $ 643.61 monthly for child support plus $ 31.39 monthly towards arrears, which totaled $ 24,764.82 as of July 13, 2015. *See* State Mot., Ex. F at 2.

2

> Your support order was entered by the Circuit Court. We will ask our attorney to file a petition and Proposed Modified Support Order with the Circuit Court based on our review. If filed, you and the other party will receive a copy of our petition and the proposed order . . . . If you requested the review, you will receive the petition and proposed order by regular mail. You will have 30 calendar days from . . . the date the petition and proposed order [were] mailed to you[] to request a court hearing. Otherwise the court may modify the support order in accordance with the terms of the Proposed Modified Support Order without a hearing.

*Id.*, Ex. A (Results of Support Order Review). Nevertheless, the agency declined to submit a proposed modified support order, *id*. ¶ 15, yet issued no "written response or reason for the rejection of the proposed support order," *id*. ¶ 16. Thus, plaintiff remained obligated not only to pay $ 675.00 monthly for the first child, but also to pay an additional $ 370.00 monthly for the second child. *Id.*, Exs. B-C (respectively, Statement of Obligor's Rights, Remedies and Duties For Immediate Income Deduction, CSE Case Numbers 1120436559 and 2000806267).[6]

Plaintiff styles his first cause of action "Tort." Am. Compl. at 3. He claims that the State Defendants violated 45 C.F.R. § 303.8(b), *see* Am. Compl. ¶¶ 17-18, which requires a State to have procedures for the review of a child support order on a parent's request "if the amount of the child support award under the order differs from the amount that would be awarded in accordance with the guidelines[,]" 45 C.F.R. § 303.8(b)(1), and to make a "downward change in the amount of child support," *id*. § 303.8(b)(3)(ii)(A), if the circumstances warrant. The Court presumes that plaintiff refers to regulations implementing Part D of Title IV of the Social Security Act (Title IV-D) pertaining to child support and establishment of paternity. *See* 42 U.S.C. §§ 651-669b. His second cause of action, styled "Dignitary Tort, Abuse of Process," Am.

---

[6] Plaintiff remained obligated to pay a total of $ 675.00 for monthly support and past-due support for one child, and to pay $ 345.00 monthly plus $25.00 past-due support for the second child. *See* Compl., Exs. B-C.

3

Compl. at 5, arises from the State Defendants' collection and disbursement of child support payments, *id*. ¶ 20.

Plaintiff was to make payments by direct deduction from his pay check to the State Disbursement Unit until his child reached emancipation on July 18, 2017. *See, e.g.,* State Mem., Ex. B (Income Deduction Notice to Payor). In November 2016, plaintiff contacted the Florida Department of Revenue "regarding a request to terminate income deduction orders, and to request an Employer to be added as the primary [payor] to satisfy future income deduction orders." *Id*. ¶ 21. He intended to terminate a former employer, YRC Freight, and "add[] Lacaster Foods as an employer to satisfy child support payments with CSE case number 1120436559," *id*. ¶ 23, and to "add[] Ruan Transport Service as an employer to satisfy child support payments with CSE case number 2000806267," *id*. ¶ 22. According to plaintiff, the state agency "failed to apply or process" his request, *id*. ¶ 25, and instead "order[ed] both employers to submit full payments" in November 2016, *id*. ¶ 24. As a result, plaintiff paid a "double support payment" in a single month, and he was left "without the option to seek reimbursement." *Id*. ¶ 26 (emphasis removed). These failures allegedly have violated 45 C.F.R. § 305.60(b), *see* Am. Compl. ¶ 20, pursuant to which the State Defendants are obligated to "conduct audits to determine the financial management of the State IV-D program, including assessments of . . . [w]hether collections and disbursements of support payments are carried out correctly and are fully accounted for," 45 C.F.R. § 305.60(b)(2).

Plaintiff demands "reimbursement of all monthly overpaid support . . . payments and failed adjustments," and correction of the "income deduction orders selecting employers specifically to satisfy a specific CSE case as [he] directed . . . to satisfy one obligation." Am. Compl. at 6.

II. DISCUSSION[7]

A. *Plaintiff's Motion to Amend the Complaint*

Plaintiff moves to amend his complaint by adding a new defendant, Hearing Officer Valerie Tomkins, who allegedly committed official misconduct when she denied plaintiff's motion to modify a child support order in March 2016. *See generally* Mot. to Am. Compl., Ex. ("Proposed Second Am. Compl."), ECF No. 8-1 ¶¶ 29-35. Plaintiff alleges that he sought a downward modification of a support order in August 2015, and his motion did not comply with the Florida court rules. Proposed Second Am. Compl. ¶¶ 39-30; *see id.*, Ex. O. He faults the court clerk for failing to correct his error, *see id.* ¶¶ 31, 34, and Hearing Officer Tomkins for dismissing the matter or, alternatively, for failing to continue the matter so that plaintiff could file the proper papers, *see id.* ¶ 33, 35. Plaintiff demands monetary damages and correction of income deduction orders. *Id.* at 7 (page number designated by the Court). In all other respects, the proposed amended pleading is substantially similar to the Amended Complaint.

The State Defendants oppose plaintiff's motion on multiple grounds, *see* State Defs.' Mem. of P. & A. in Opp'n to Glass's Mot. for Leave to File Second Am. Compl., ECF No. 11 at 2, two of which are dispositive. First, a state court judge enjoys absolute immunity from liability for damages for acts taken in her judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, Tomkins' dismissal of plaintiff's case is an action taken in her judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov.

---

[7] Plaintiff is proceeding *pro se* and *in forma pauperis*, and the responsibility for serving defendants falls on the Clerk of Court and the United States Marshals Service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). The Court denies DHHS's motion to dismiss under Rule 12(b)(5), *see* DHHS Mem. at 10-11, for insufficient service of process.

20, 2001) (per curiam) (affirming dismissal on judicial immunity grounds of appellant's claim against United States Tax Court Judge where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that Tomkins' "actions [were] taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), if Tomkins were a defendant, she would be "immune from damage suits for performance of tasks that are an integral part of the judicial process." *id*. at 1461 (citations omitted); *see Butz v. Economou*, 438 U.S. 478, 511-13 (1978) (holding that administrative hearing officers were entitled to judicial immunity).

Second, plaintiff's demand for "[c]orrecting [his] income deduction orders," Proposed Second Am. Compl. at 7, is barred by the *Rooker-Feldman* doctrine. This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It prevents a plaintiff from seeking review of a state court decision because a federal district court "lack[s] jurisdiction to review judicial decisions by state . . . courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Therefore, plaintiff may not achieve modification of a support order issued by the Florida court by means of this lawsuit in federal district court.

"A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (citation omitted), *cert. denied*, 133 S. Ct. 860 (2013). The claims plaintiff purports to raise in a second amended complaint against Tomkins cannot survive a motion to dismiss, and therefore the Court denies plaintiff's motion to amend.

### B. Dismissal Under Rule 12(b)(1)

"Federal district courts are courts of limited jurisdiction," and "it is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff bears the initial burden of establishing by a preponderance of the evidence that this Court has subject matter jurisdiction over his claims. *Id.*; *see Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007). In deciding a motion brought under Rule 12(b)(1), the Court "may consider materials outside the pleadings" and "accept[s] all of the factual allegations in the complaint as true." *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal quotation marks and citations omitted).

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution immunizes a state or state agency from suit in federal court, unless its immunity is waived. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Keenan v. Washington Metro. Area Transit Auth.*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction." *Morris*

*v. Washington Metro. Area Transit Auth.*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations and quotation marks omitted).

The State Defendants move to dismiss on the ground that Florida's Eleventh Amendment immunity deprives this Court of subject matter jurisdiction. *See* State Mot. at 5-6. Both the Florida Department of Revenue, *see Camm v. Scott*, 834 F. Supp. 2d 1342, 1347 (M.D. Fla. 2011), and the State Attorney's Office, *see Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1029, 1043 (11th Cir. 2007), are arms of the state government for purposes of the Eleventh Amendment. Plaintiff does not demonstrate that Florida has waived its immunity, and therefore the Court will dismiss plaintiff's claims against the State Defendants for lack of subject matter jurisdiction.

### 2. Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Accordingly, the United States enjoys sovereign immunity unless there is a clear and express waiver of immunity. *See id.*; *see also Lane v. Peña*, 518 U.S. 187, 192 (1996). Once again, plaintiff has not demonstrated that the United States has waived its immunity from suit, and the Court is deprived of subject matter jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

### *C. Dismissal Under Rule 12(b)(6)*

Even if defendants' respective immunities imposed no bar to plaintiff's claims, there remain several reasons to dismiss the Amended Complaint in its entirety. "A motion to dismiss under [Rule] 12(b)(6) tests whether the complaint properly states a claim on which relief may be granted." *Davis v. Billington*, 775 F. Supp. 2d 23, 32 (D.D.C. 2011). Although "'detailed

factual allegations'" are not required, a plaintiff must offer "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). The complaint is construed liberally in a plaintiff's favor, and the Court accepts as true all well-pleaded factual allegations. *Davis*, 775 F. Supp. 2d at 32-33. Nevertheless, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pleaded with factual support need only be accepted insofar as "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014) (quoting *Doe v. Rumsfeld*, 683 F.3d 390, 391 (D.C. Cir. 2012)).

Aside from mentioning DHHS in the caption of his Amended Complaint, the pleading does not allege an action or omission attributable to DHHS resulting in any injury to plaintiff. Furthermore, because no individual has a private right "to force a state agency to substantially comply with Title IV-D," *Blessing v. Freestone*, 520 U.S. 329, 332 (1997); *Cuvillier v. Taylor*, 503 F.3d 397, 406 (5th Cir. 2007) (rejecting claim "that Title IV-D gives [appellant] a federal right to child support or child support collection on her behalf"), plaintiff's claims alleging violations of the regulations to which he refers cannot proceed. Insofar as plaintiff brings this

9

lawsuit against DHHS as a means by which to alter, overturn, or enjoin enforcement of the Florida Court's child support orders, the *Rooker Feldman* doctrine applies. *See, e.g., Ballinger v. Colutta*, 322 F.3d 546, 548-49 (8th Cir. 2003). The Amended Complaint thus fails to state claims against either state or federal defendants upon which relief can be granted.

### III. CONCLUSION

The Court denies plaintiff's motion to amend the complaint as futile. In addition, the Court concludes that all defendants are immune from suit and that the Amended Complaint fails to state claims upon which relief can be granted. Accordingly, defendants' motions to dismiss are granted. An Order is issued separately.

DATE: November 14, 2017                            /s/
                                                   JOHN D. BATES
                                                   United States District Judge